IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FACILITIES PRO-SWEEP, INC.,　　　　　CASE NO._____
a Florida corporation,

　　　　Plaintiff,

vs.

RAYNAL COMMUNICATIONS CORP.,
a Florida Corporation d/b/a
PRO FACILITY SERVICES

　　　　Defendant.
_____/

## VERIFIED COMPLAINT

Plaintiff, **FACILITIES PRO-SWEEP, INC.** a Florida Corporation ("Plaintiff"), sues Defendant **RAYNAL COMMUNICATIONS CORP.**, a Florida Corporation **d/b/a PRO FACILITY SERVICES** ("Defendant"), and alleges:

## INTRODUCTION

1. This is an action for infringement of Plaintiff's valuable service marks, for false designation of origin, and for unfair competition under Federal and Florida statutory and common law, involving Defendant's willful acts by virtue of Defendant's use of its service marks, including "Pro Facility Services" ("Defendant's Mark"), which are nearly identical, highly similar, and/or confusingly similar to Plaintiff's service marks, including **FACILITIES**, **FACILITIES PRO-SWEEP,** and **FACILITIES PRO-SWEEP (and design**) ("Plaintiff's Marks").

2. Plaintiff is in the business of property maintenance, including, without limitation, cleaning, upkeep, and maintenance of commercial and industrial buildings and their surroundings and parking lots, as well as roads, streets, sidewalks, curbs, dumpsters, etc. ("Plaintiff's Services").

1

3. Defendant is in an identical and/or highly similar and related business ("Defendant's Services") to Plaintiff's Services.

4. Defendant conducts and/or solicits business in Florida and set up its principal place of business less than fifty (50) miles away from Plaintiff's principal place of business and is even closer to Plaintiff's Miami location.

5. Defendant failed to respond to Plaintiff's written demand to cease and desist and thus failed to comply with Plaintiff's written demands and continues to use their highly similar service mark for identical or highly similar services even after receiving written notice of Plaintiff's superior rights.

6. Therefore, Defendant's infringement is and continues to be intentional and willful.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), in that this action arises under the federal Lanham Act/Trademark Act, 15 U.S.C. §1051 *et seq.*, federal common law, and other federal law.

8. This Court has personal jurisdiction over Defendant, and venue is proper in the Southern District of Florida ("District") pursuant to 28 U.S.C. §§ 1391 (b) and (c) because Defendant resides and/or maintains its principal place of business in the District, Defendant is doing business in the District, and a substantial part of the events or omissions giving rise to the claims occurred in the District.

9. Supplemental jurisdiction is proper for the state law claims under 28 U.S.C. § 1367(a), as the claims are so related to the federal claims that they form part of the same general nucleus of facts, case, or controversy under Article III of the United States Constitution.

## PARTIES

10. Plaintiff is a corporation duly organized and existing under the laws of the State of Florida, with a principal place of business at 1471 SW 30th Avenue, Suite 12, Deerfield Beach, FL 33442.

11. Defendant is a Florida corporation with a principal place of business at 4995 N.W. 72nd Avenue, Miami, Florida 33166.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### a. Plaintiff's Marks

12. Plaintiff's Services consist of power sweeping, maintenance, cleaning, and upkeep of commercial and industrial buildings such as, without limitation, parking lots and garages, retail centers, offices and industrial lots, construction sites, as well as homeowner associations, apartment buildings, and condos. *See* Plaintiff's website screenshot, attached as ***Exhibit "A"*** hereto.

13. Plaintiff has been continuously using the marks **FACILITIES** and **FACILITIES PRO-SWEEP** since as early as February 15, 2002, within the State of Florida and in U.S. Commerce since as early as June 1, 2002, in connection with Plaintiff's Services.

14. On May 29, 2018, Plaintiff received U.S. Registration No. 5,478,386 ("'386 Registration") for its mark **FACILITIES PRO-SWEEP** from the United States Patent and Trademark Office ("**USPTO**") in connection with the following services:

> Building maintenance and repair; Cleaning of commercial premises; Cleaning of industrial premises; Cleaning of roads, streets, parking lots, garages, sidewalks, curbs, hedges, dumpster areas, vacant suites, spills, buildings, premises, surrounding grounds outside buildings; Handyman service, namely, building repair and maintenance; Maintenance of roads, streets, parking lots, garages, sidewalks, curbs, hedges, dumpster areas, vacant suites, spills, buildings, premises, surrounding grounds outside buildings; Trash clean-up; Repair, maintenance and modification of roads, streets, parking lots, garages, sidewalks, curbs, hedges,

>   dumpster areas, vacant suites, spills, buildings, premises, surrounding grounds outside buildings; Street cleaning; Street sweeping services

in International Class 37. The date of first use anywhere for the '386 Registration is at least as early as February 15, 2002, and the date of first use in commerce is at least as early as June 1, 2002. A copy of the Certificate of Registration for the '386 Registration is attached as ***Exhibit "B"*** hereto.

15. By written Notice dated August 27, 2024, the USPTO acknowledged the "incontestable status" under Section 15 of the Trademark Act, 15 U.S.C. § 1065 for the '386 Registration. A copy of the USPTO's email Notice from August 27, 2024, is attached as ***Exhibit "C"*** hereto.

16. Plaintiff's '386 Registration is valid, subsisting, and in full force and effect, and therefore confers *prima facie* evidence of Plaintiff's nationwide rights of exclusive use to the **FACILITIES PRO-SWEEP** mark, as well as any mark likely to cause confusion with Plaintiff's mark, in connection with the services specified in the '386 Registrations, pursuant to 15 U.S.C. § 1057(b).

17. Plaintiff's '386 Registration is incontestable and constitutes conclusive evidence of the validity and registration of the mark, Plaintiff's ownership, and Plaintiff's exclusive right to use the mark in commerce. 15 U.S.C. 1115(b).

18. Plaintiff also owns Florida Service Mark Registration Document No. T22000000859 for the mark **FACILITIES PRO-SWEEP** for building/premises repair/maintenance; parking lot, garage, street power sweeping; repair/maintenance of parking lots & surrounding grounds outside, which issued on or about June 21, 2022. A true and correct copy of a screenshot of the Florida Department of State ("FDS") showing issuance of Plaintiff's Certificate of Registration No. T22000000859 is attached as ***"D"*** hereto.

19. Plaintiff has also acquired strong common law service mark rights in Plaintiff's Marks used in Florida and interstate commerce in connection with Plaintiff's Services. Plaintiff's enforceable common law service mark rights were established and vested long before Defendant began using its infringing Defendant's Mark.

20. Plaintiff's Marks have been continuously used in Florida and interstate commerce to identify and distinguish Plaintiff's high-quality services for an extended and long period of time, are a symbol of enormous quality, reputation, and goodwill, and have never been abandoned.

21. As a result of Plaintiff's marketing, advertising, and promoting Plaintiff's Services in commerce throughout Florida and the United States, Plaintiff's Marks have achieved favorable third-party publicity and recognition. The significant provision of Plaintiff's Services in connection with Plaintiff's Marks in Florida and the United States have been combined with individual consumer and industry recognition of Plaintiff's Marks.

22. Plaintiff's Marks are inherently distinctive and also are a distinctive indication of the origin and high level of quality of Plaintiff's Services as a result of Plaintiff's extensive use, marketing, and advertising. Plaintiff's Marks therefore act as an indication of the source of these services and assure consumers of a high level of quality, appeal, and satisfaction with which Plaintiff's Services have become synonymous.

23. Based on Plaintiff's long, significant and continuous use of its marks, Plaintiff's FACILITIES and FACILITIES PRO-SWEEP marks have also become distinctive and enforceable in connection with Plaintiff's services long before Defendant began using its infringing PRO FACILITY SERVICES mark.

24. By continuously using Plaintiff's Marks for approximately twenty-three (23) years in the industry in Florida and interstate commerce, Plaintiff has developed significant and valuable

goodwill in Plaintiff's Marks within the industry and the public, and Plaintiff's Marks serve as a source identifier for Plaintiff's high-quality services.

### b. Defendant's Mark

25. Upon information and belief, Defendant is and has been familiar with Plaintiff's Services offered under Plaintiff's Marks.

26. Defendant is and has been in direct competition with Plaintiff within their industry.

27. Plaintiff became aware of the use of Defendants Marks in the late spring of 2025. Defendant's actual first use of Defendant's Marks is unknown.

28. Without Plaintiff's authorization, Defendant has adopted and is using Defendant's Mark, which is and/or appears nearly identical, highly similar, and/or confusingly similar to Plaintiff's Marks when seen by consumers and are offered and provided in connection with identical and/or highly similar and related services through identical trade channels and to identical purchasers. Defendants use of "facility" instead of "facilities" and placing "pro" before such word does not resolve the confusingly similar nature of Defendant's Mark or Defendant's intentions.

29. Defendant is promoting, advertising, offering, and providing Defendant's Services under Defendant's Mark.

30. Upon information and belief, Defendant adopted and commenced its use of Defendant's Marks long after Plaintiff first used Plaintiff's Marks in commerce, and as evidenced in Plaintiff's above-identified U.S. and State of Florida registrations.

31. On or about April 25, 2025, Plaintiff sent Defendant a demand to cease and desist, notifying Defendant of Plaintiff's rights in Plaintiff's Marks, and demanding that Defendant cease all use of marks confusingly similar to Plaintiff's Marks. *See* **"E"** hereto.

**BRADLEY LEGAL GROUP, P.A.**          IP & Entertainment Litigation          (954) 523-6160

32. Defendant failed to respond, comply with the demand and has continued its use of Defendant's Mark in intentional defiance and disregard of Plaintiff's superior rights.

33. Defendant's acts are willful, done with actual notice of Plaintiff's exclusive rights to Plaintiff's Mark, with the willful intent to imitate Plaintiff, to misappropriate, misuse, and palm off the goodwill, distinctiveness, reputation, and recognition Plaintiff enjoys in the industry by associating Defendant's Mark with Plaintiff's Marks, and/or to dilute the distinctive quality of Plaintiff's Marks.

34. Because of the similarity between the marks used by Plaintiff and Defendant, Defendant's use of the Defendant's Mark is likely to confuse consumers into believing Defendant's Services originate from Plaintiff, and/or into assuming that Defendant's Services are affiliated with, endorsed, approved, or sponsored by Plaintiff.

35. As a direct and proximate result of the Defendant's acts complained of herein, Plaintiff has suffered great and irreparable harm and damage which escalates each day Defendant's acts are permitted to continue.

36. Plaintiff has no adequate remedy at law relative to the continued and future harm expected to be suffered for Defendant's continued conduct.

37. All prerequisites to filing suit have been satisfied, have occurred or have been waived.

38. As a direct and proximate result of Defendant's acts complained of herein, Plaintiff has been forced to retain the undersigned firm and has agreed to pay it a reasonable fee for its services.

## COUNT I
## FEDERAL SERVICE MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)
### U.S. Registration No. 5,478,386

39. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 38, above, in their entireties, as if fully recited herein.

40. Defendant's actions described including, without limitation, Defendant's sale, offering for sale, providing or advertising of their services under the Defendant's Mark is likely to cause confusion or mistake or to deceive the public in violation of 15 U.S.C. § 1114(1), 15 U.S.C. § 1116(d), constituting service mark infringement under the Trademark/Service Mark Laws of the United States, 15 U.S.C. §§ 1051-1125.

41. As a direct and proximate result of the foregoing actions of Defendant, Plaintiff has been and is likely to continue to be substantially and irreparably injured in its business, including its reputation, resulting in lost revenue and profits, and diminished goodwill, reputation and ability to expand.

42. Plaintiff has no adequate remedy at law because the Plaintiff's Marks are unique and represent to the public Plaintiff's identity, reputation and goodwill, such that monetary damages alone cannot fully compensate Plaintiff for Defendant's willful misconduct and infringing actions.

43. Unless enjoined by this Court, Defendant will continue to use and wrongfully infringe upon the Plaintiff's Marks, which will continue to cause irreparable injury to Plaintiff. This present and future threat of injury to Plaintiff's business, identity, goodwill and reputation requires preliminary and permanent injunctive relief to prevent Defendant's continued use and infringement of the Plaintiff's Marks and to address and mitigate Plaintiffs injury caused by Defendant's conduct and actions.

## COUNT II
## FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

44. Plaintiff adopts and incorporates Paragraphs 1- 38 as if fully alleged herein.

45. Plaintiff has been using Plaintiff's Marks in conjunction with Plaintiff's Services in Interstate Commerce long before Defendant commenced its use of the Defendant's Mark and Plaintiff has developed substantial goodwill therein prior to Defendant's adoption and use of the Defendant's Mark in commerce.

46. Plaintiff's Marks are distinctive in connection with Plaintiff's Services and were distinctive long before Defendant began using its infringing Defendant's Mark.

47. Upon information and belief, Defendant's Services, offered and provided under the Defendant's Mark, have been widely advertised, offered for sale, and distributed throughout Florida and the United States.

48. Defendant's use of the infringing Defendant's Mark in interstate commerce in competition with Plaintiff is likely to cause, and/or has already caused, mistake, and/or to deceive consumers as to an affiliation, connection, or association of Defendant with Plaintiff, and/or as to the origin, sponsorship, and/or approval of Defendant's Services or commercial activities by Plaintiff.

49. Defendant is therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused damage to Plaintiff in an amount to be determined at trial. Plaintiff is being irreparably harmed by the infringement and has no adequate remedy at law.

50. Absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

**BRADLEY LEGAL GROUP, P.A.**        IP & Entertainment Litigation        (954) 523-6160

## COUNT III
## FLORIDA STATE SERVICE MARK INFRINGMENT UNDER FLA. STAT. § 495.131

51.     Plaintiff adopts and incorporates Paragraphs 1 - 38 as if fully alleged herein.

52.     This is an action for service mark infringement under Fla. Stat. § 495.131 *et seq.*

53.     Defendant has intentionally, and without Plaintiff's consent, used, copied, or imitated Plaintiff's Marks in connection with the advertising of Defendant's Services or in connection with such use that is likely to cause confusion, to cause mistake, or to deceive.

54.     The activities of Defendant described herein infringe upon Plaintiff's Marks which are the subject of Florida State Service Mark Registration, Doc. No. T22000000859 for **FACILITIES PRO-SWEEP** in violation of Fla. Stat. § 495.131 *et seq*.

55.     Defendant's acts have been committed with knowledge that Defendant's Mark are intended to be used to cause confusion or mistake or to deceive.

56.     Plaintiff's Marks are distinctive in connection with Plaintiff's Services and were distinctive long before Defendant began using its infringing Defendant's Mark.

57.     Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendant's actions.

## COUNT IV
## FLORIDA COMMON LAW SERVICE MARK INFRINGEMENT

58.     Plaintiff adopts and incorporates Paragraphs 1- 38 as if fully alleged herein.

59.     This is an action for common law service mark infringement against Defendant based on its promotion, advertisement, offering, and providing of Defendant's Services bearing Defendant's Mark, which are nearly identical, highly similar, and/or confusingly similar to Plaintiff's Marks.

60.     Plaintiff is the owner of all common law rights in and to Plaintiff's Mark.

61. Plaintiff's Marks are distinctive in connection with Plaintiff's Services and were distinctive long before Defendant began using its infringing Defendant's Mark.

62. Specifically, Defendant, upon information and belief, is promoting and otherwise advertising, distributing, offering, and providing Defendant's Services under the infringing Defendant's Mark.

63. Defendant's infringing activities are likely to cause and/or actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's Services, including affiliation with and/or sponsorship by Plaintiff.

64. Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendant's actions.

## COUNT V
## FLORIDA COMMON LAW UNFAIR COMPETITION

65. Plaintiff adopts and incorporates Paragraphs 1- 66 as if fully alleged herein.

66. Defendant's activities constitute unfair competition with Plaintiff by creating a likelihood of confusion in the trade as to the source or sponsorship of the services or is likely to lead the public to believe Plaintiff is in some way connected to Defendant and is likely to mislead persons in the ordinary course of purchasing the services of Defendant and induce them to believe they are purchasing genuine services of Plaintiff, thereby injuring that reputation and goodwill and unjustly diverting from Plaintiff to Defendant the benefits arising therefrom.

67. Defendant's unlawful activities constitute unfair competition and passing off as proscribed by the common law and have caused Plaintiff to sustain monetary damage, loss, and injury in an amount to be determined at the time of trial.

68. Plaintiff reserves the right to amend Count V of its Complaint to seek punitive damages from Defendant as permitted and authorized by Fla. Stat. § 768.72 after further discovery.

69. Defendant's acts of unfair competition and misappropriation, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damages, loss and injury, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

Plaintiff demands judgment in its favor for:

A. A preliminary injunction effective during the pendency of this action, and an order and judgment of this Court, effective permanently thereafter, restraining and enjoining Defendant and its officers, directors, managers, agents, employees, all others acting in concert with them, and anyone on notice of this Court's order, from:

1. Using in any manner one or more of Plaintiff's Marks or any variation thereof confusingly similar to one or more of the Plaintiff's Marks, including, without limitation, the Defendant's Mark;

2. Using in any manner any service mark, words, abbreviations, text, or other combinations thereof that would imitate, resemble, or suggest one or more of the Plaintiff's Marks;

3. Otherwise infringing one or more of the Plaintiff's Marks;

4. Unfairly competing with Plaintiff by copying or imitating or using a mark confusingly similar to one or more of the Plaintiff's Marks; and

5. Implying, directly stating, or creating the impression that Defendant or its services are affiliated, sponsored by, or associated with Plaintiff or its services.

B. An order that Defendant publish for a period of not less than twelve (12) months, corrective

advertising in all media in which the infringing marks had been published, explaining to customers that Defendant and Defendant's Services are not affiliated with or endorsed by Plaintiff;

C. An accounting by Defendant of its profits attributable to Defendant's wrongful conduct, and for a judgment against Defendant, in such amount, together with interest thereon as provided by law;

D. An enhancement of any award under any Paragraph of this Prayer, including under 495.141(1), Fla. Stat., equal to three (3) times any award for damages and/or profits;

E. Any and all damages suffered by Plaintiff resulting from Defendant's wrongful conduct, including, without limitation, compensatory, incidental, and consequential damages;

F. Any and all relief to which Plaintiff may be entitled pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, including treble damages and Plaintiff's attorneys' fees at all levels;

G. An award of Plaintiff's reasonable attorneys' fees as the prevailing party under §§ 501.2105(1), 495.141(1), Fla. Stat. at all levels;

H. An award of attorneys' fees provided by any other legal authority;

I. An award of full costs incurred by Plaintiff herein;

J. Entry of an award of pre-judgment interest on the judgment amount;

K. Such additional relief as the Court deems fair and just.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury on all issues so triable as a matter of right.

**DATED** this 5th day of June 2025.

**BRADLEY LEGAL GROUP, P.A.**
*Attorneys for Plaintiff,*
*FACILITIES PRO-SWEEP, INC.*

By: /s/John F. Bradley/
John F. Bradley, Esq.
By: /s/Daniel S. Polley/
Daniel S. Polley, Esq.
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
Tel: (954) 523-6160
Email: jb@bradlegal.com

## VERIFICATION

In accordance with 28 U.S.C. § 1746, I, **Edward J. Flak**, as Director of Plaintiff, FACILITIES PRO-SWEEP, INC., declare under penalty of perjury that I have read the foregoing Verified Complaint and that the facts stated herein are true and correct to the best of my personal knowledge.

Executed in Broward County, Florida, this 3( day of May 2025.

_____ - President
Edward J. Flak

15

**BRADLEY LEGAL GROUP, P.A.**        IP & Entertainment Litigation        (954) 523-6160